**UNITED STATES of America,**
**Appellee,**

v.

**Samuel BROTT, Defendant-Appellant.**

**No. 220, Docket 25394.**

United States Court of Appeals
Second Circuit.

Argued Feb. 2, 1959.

Decided Feb. 24, 1959.

Certiorari Denied May 4, 1959.
See 79 S.Ct. 941.

434

Henry K. Chapman, New York City, for defendant-appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Richard Cooper, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, MADDEN, Judge, United States Court of Claims,* and HINCKS, Circuit Judge.

PER CURIAM.

Brott's appeal from his conviction of making false representations to the Internal Revenue Service in violation of 18 U.S.C. § 1001 turns principally on questions of the admissibility of evidence. When summoned by the Service for investigation of his and his wife's joint income tax returns, he gave four sworn statements of assets and liabilities covering the tax years 1950–1953 which omitted government bonds jointly owned to the extent of $6,000–$7,000 and savings accounts around $3,000 or over (varying somewhat with the years involved). At the opening of trial he conceded that the statements were material and were false, but contended that they were not intentionally made. He did not take the stand, but on this issue presented his wife, who testified that these specific assets came from her savings before marriage and wedding gifts at the time of marriage in 1941. In answer the prosecution presented the defendant's affidavit of July 22, 1942, seeking draft deferment because of support of his wife and expected child, wherein he stated that he and she had no assets and were dependent on his earnings of $50 a week and that she would become a public charge in the event he was drafted. Defendant now assigns error in the court's reception of those portions of the affidavit which contained these admissions.

The admissions were directly in point on an issue the defendant had made important. As such they were clearly admissible. United States v. Epstein, 2 Cir., 154 F.2d 806, 810, certiorari denied Epstein v. United States, 328 U.S. 858, 66 S.Ct. 1350, 90 L.Ed. 1629; United States v. Bronson, 2 Cir., 145 F.2d 939, 944; United States v. Potson, 7 Cir., 171 F.2d 495, 499. They were not offered to show another crime (evasion of the draft); on the contrary they were offered as fact, and the trial judge's careful exclusion of part of the affidavit underlined this circumstance. But even if they incidentally implied an illegal act they would not be barred. United States v. Novick, 2 Cir., 124 F.2d 107, 109, certiorari denied Novick v. United States, 315 U.S. 813, 62 S.Ct. 795, 86 L.Ed. 1212; United States v. Johnson, 2 Cir., 254 F.2d 175, certiorari dismissed Johnson v. United States, 357 U.S. 933, 78 S.Ct. 1378, 2 L.Ed.2d 1369; United States v. Apuzzo, 2 Cir., 245 F.2d 416, 421, certiorari denied Apuzzo v. United States, 355 U.S. 831, 78 S.Ct. 45, 2 L.Ed.2d 43. So rebuttal evidence by a policeman to show that the concealed assets came from bookmaking was admissible on like grounds. The evidence tending to show that defendant acted with the necessary criminal intent was ample to support conviction. The claim of bias on the part of the judge against the defendant as a draft dodger appears to be an exaggeration of certain minor incidents which in any event did not occur in the presence of the jury. The trial was fair, and the conviction just.

Conviction affirmed.

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).